Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LONELY PLANET USA, LLC, a North Carolina limited liability company; and Does 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> 3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202) <br><br> <u>Jury Trial Demanded</u> |

Plaintiff, Dr. Elliot McGucken ("McGucken"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)-(b).

3.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Plaintiff McGucken is an individual residing in Los Angeles, California.

5.     McGucken is informed and believes and thereon alleges that Defendant Lonely Planet USA, LLC ("Lonely Planet") is a South Carolina limited liability company doing business in and with the Los Angeles County.

6.     On information and belief, McGucken alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with Lonely Planet, "Defendants") are other parties not yet identified who have infringed McGucken's copyrights, have contributed to the infringement of McGucken's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to McGucken, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.     On information and belief, McGucken alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all

times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages to McGucken proximately caused thereby.

## CLAIMS RELATED TO MCGUCKEN'S PHOTOGRAPH

8.     McGucken is an acclaimed photographer who created and owns the original photograph depicted in **Exhibit A** attached hereto ("Subject Photograph.")

9.     McGucken has registered the Subject Photograph with the U.S. Copyright Office.

10.    Prior to the acts complained of herein, McGucken published and widely publicly displayed and disseminated the Subject Photograph including without limitation on McGucken's website *www.mcgucken.com*.

11.    Following McGucken dissemination and display of the Subject Photograph, Defendants, and each of them copied, reproduced, displayed, distributed, created derivative works, and/or otherwise used the Subject Photograph without license, authorization, or consent, including by using the Subject Photograph online and/or in their published book *USA's Best Trips* ("Infringing Use") which was created, published, and distributed by Lonely Planet. The Infringing Use was made widely and publicly available online. True and correct, non-inclusive, screen captures of the Infringing Use are included in **Exhibit B** attached hereto.

12.    On information and belief it is alleged that Lonely Planet made an unauthorized copy of the Subject Photograph and then cropped and edited that work before adding its own name to the work and publishing same under its own name and/or a false name.

13.     McGucken has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photograph.

## **FIRST CLAIM FOR RELIEF**

### **(For Copyright Infringement – Against all Defendants, and Each)**

14.     McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

15.     On information and belief, McGucken alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through (a) viewing the Subject Photograph on McGucken's website, (b) viewing Subject Photograph online, and (c) viewing Subject Photograph through a third party. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Use.

16.     On information and belief, McGucken alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph, including without limitation as seen in **Exhibit B** attached hereto.

17.     On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

18.     Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

19.     Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to

Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

20.    On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement  and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

21.    McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22.    On information and belief, McGucken alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

23.    On information and belief, McGucken alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Use, and were able to supervise the distribution, broadcast, and publication of the Infringing Use.

24.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

25.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph, in an amount to be established at trial.

26.     On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

### (For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

27.     McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28.     McGucken regularly published the Subject Photograph with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. McGucken's CMI included, without limitation, his name, company name, copyright notice, metadata, and other identifying information. The CMI was prominently displayed and would be viewed by visitors to McGucken's website and online profiles.

29.   On information and belief, McGucken alleges that Defendants, and each of them, intentionally removed and altered McGucken's violated 17 U.S.C. §1202(b) before copying, reproducing, distributing, and displaying the Subject Photograph.

30.   On information and belief, McGucken alleges that Defendants, and each of them, did distribute or import for distribution copyright management information knowing that the CMI has been removed or altered without authority of McGucken or the law.

31.   On information and belief, McGucken alleges that Defendants, and each of them, did distribute and publicly display works and copies of works knowing that copyright management information has been removed or altered without authority of McGucken or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

32.   On information and belief, McGucken alleges that Defendants, and each of them, in violation of 17 § USC 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own logos, names, bylines, and attribution to the Subject Photograph.

33.   On information and belief, McGucken alleges that Defendants, and each of them knew, that they were providing false copyright management information to its copies of the Subject Photograph and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photograph.

34.   The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

35.   On information and belief, McGucken alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and McGucken resultantly seeks enhanced damage and penalties.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each with Respect to Each Claim for Relief:**

a.  That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing McGucken's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

b.  That McGucken be awarded all profits of Defendants, and each of them, plus all losses of McGucken, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c.  That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of McGucken's intellectual property rights;

d.  That McGucken be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

e.  That McGucken be awarded his costs and fees under the above statutes;

f.  That McGucken be awarded statutory and enhanced damages under the statutes set forth above;

g.  That McGucken be awarded pre-judgment interest as allowed by law;

h.  That McGucken be awarded the costs of this action; and

i.  That McGucken be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 4, 2022                    DONIGER / BURROUGHS

By:  */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
*Attorneys for Plaintiff*

1

## Exhibit A

2

| Subject Photograph |
| --- |

3

4

5

6

7

8

9



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Exhibit B**

2

| Infringing Use |
| --- |

 



COMPLAINT