UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLIOT MCGUCKEN,

                        Plaintiff,

  against

LONELY PLANET GLOBAL, INC.,

                        Defendant.

CIVIL ACTION NO.: 23 Civ. 4293(ALC)(SLC)

**JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

      **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection solely with the pre-trial phase of the above-captioned action (the "Action"):

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Any subpoenaed third party may avail itself of the protections of this Order if they agree to be bound by its conditions.

      2.    The Confidential Information disclosed and designated in any form under this Order will be held and used by the person receiving such information solely for use in connection with the Action. In no event will any designated information under this Order be used for any business, competitive, personal, private, public, or other purpose, except as required by law. In rendering advice to his or her client with respect to this Action, an attorney shall not disclose the content of any designated information unless the client is permitted to receive such information pursuant to this Order.

      3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court, and nothing in this Order shall constitute or be deemed or construed as a waiver to seek a ruling with respect to documents and information subject to this Order, following a good-faith meet-and-confer regarding such designation. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

      4.    In the event that any information is particularly sensitive, private, or

competitively valuable, including without limitation financial information, trade secrets, or other competitively sensitive information about future business, product, or strategic plans, a party, in good faith, may designate such material as "ATTORNEYS' EYES ONLY." Such information and documents designated as such will be stamped "ATTORNEYS' EYES ONLY." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

- a. The requesting party and counsel, including in-house counsel;

- b. Employees of such counsel assigned to and necessary to assist in the litigation; Consultants, litigation support personnel, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

- c. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

- d. Any person to whom the supplying party agrees in writing or on the record in advance of the disclosure may receive such specifically identified information or document(s).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

- a. Inform the person of the confidential nature of the information or documents;

- b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

- c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. Documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except the requesting party and counsel, including in-house counsel, and the parties described in Paragraphs 4(b), 4(c), 4(d) and 4(e), but only to the extent reasonably necessary for litigation purposes, and so long as such person complies with the provisions of Paragraph 5. Except as expressly provided to the contrary, all other terms applicable to documents and information marked "CONFIDENTIAL" shall apply to documents and information marked "ATTORNEYS' EYES ONLY." A party may also disclose argument and materials derived from information marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to mock jurors pursuant to this Order.

7. The disclosure of a document or information without designating it as "Confidential" or "Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. The restrictions set forth in this Order shall not apply to any information

that the supplying party designating the material (or its counsel) later consents in writing to such disclosure; or if the Court, after reasonable written notice to all affected parties, orders such disclosure; or if such designated information was, is, or becomes public knowledge, unless in violation of this order, or was or is discovered independently by the receiving party.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

By:    /s/ Scott Alan Burroughs
       Scott Alan Burroughs
       DONIGER/BURROUGHS
       247 Water Street, First Floor
       (212) 326-2000

*Attorneys for Plaintiff*

By:   /s/ Eleanor M. Lackman
     Eleanor M. Lackman
     MITCHELL SILBERBERG & KNUPP LLP
     437 Madison Avenue
     New York, New York 10022
     (212) 509-3900

*Attorneys for Defendant*

Dated:  New York, New York
       March 26, 2024

SO ORDERED.  March 27, 2024

*[signature]*

SARAH L. CAVE
United States Magistrate Judge

4

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I have read the Joint Confidentiality Stipulation and Protective Order, and I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.


DATED:


_____
Signed in the presence of:



_____
(Attorney)