

Attorneys admitted in
California, New York,
Texas, Pennsylvania, Colorado,
And Illinois

Sender's contact:
djenkins@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

June 21, 2024

**DELIVERED VIA ECF**
Honorable Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18A
New York, New York 10007-1312

|  |  |  |
|---|---|---|
|  | Case Title: | *Elliot McGucken v. Lonely Planet Global, Inc., et al.* |
|  |  | 1:23-cv-04293-ALC-SLC |
|  | Re: | Letter On Completion of Fact Discovery |

Your Honor:

Plaintiff, Elliot McGucken, and Defendant, Lonely Planet Global, Inc. ("LPG"), respectfully submit the following joint letter, in accordance with the Court's order of April 25, 2024.

**Status of Discovery**

Plaintiff: McGucken reports that depositions have been completed and the parties have represented that their document productions are complete. Following McGucken's deposition, LPG requested certain additional documents first discussed at the deposition and raised an issue regarding McGucken stating he had not searched certain devices or locations for responsive documents when he had no reason to believe they contained any such documents. Counsel for the parties met and conferred on these issues on June 13, 2024. McGucken has now searched these locations and confirmed they contain no responsive documents and has produced the additional documents requested, despite maintaining that they are neither responsive nor relevant.

**Defendant**: LPG took the deposition of Plaintiff on June 4, 2024. During this deposition, Plaintiff made several troubling statements about his meager production of documents in this case, including on key issues. LPG has followed up with several requests for documents and information. Plaintiff has produced only some of the documents to which LPG is entitled. As detailed below, LPG requests that discovery in this case remain open for the narrow purpose of compelling additional documents from Plaintiff, and re-opening Plaintiff's deposition with respect to those documents.

**Open Discovery Issues**

**Plaintiff:** McGucken believes the only open issue is obtaining an updated gross revenues figure for the book at issue. It was made clear at the deposition of LPG's 30(b)(6) representative that the gross revenues figure provided by defendants is incomplete, as it was confirmed that LPG receives revenue for each copy of the book sold, both physically and digitally, by third party sellers, a number of which are still selling the book to this day. We therefore request that, per Fed. R. Civ. P. 26, LPG provide an updated accounting of

the gross revenues received from sales of the book at issue through at least the fact discovery deadline of June 14, 2024.

Without addressing LPG's numerous ad hominin attacks and repeated editorializing below, McGucken disagrees that LPG has raised any genuine ongoing discovery issue. LPG acknowledges that McGucken has now confirmed his search of all the devices and locations discussed during his deposition and confirmed that he has produced all responsive documents regarding the infringement at issue, as well as non-responsive documents LPG demanded at deposition. LPG, though, in an attempt to manufacture a dispute, claims there to be ongoing discovery issues simply because it is disappointed that the evidence does not support its repeated conjecture that McGucken is somehow at fault for LPG's ongoing infringement of his work.

Moreover, LPG's claimed issues revolve around the actions of Hane Street, a non-party whose actions have no bearing on the infringement at issue beyond its already established role in LPG's access of the photograph at issue. LPG's position makes clear this information is sought in connection with the ongoing dispute between McGucken and Shutterstock, Inc. Nevertheless, McGucken has testified about his discovery of Hane Street's infringement and confirmed that testimony after deposition at LPG's insistence. There is no dispute as to this date and it is wholly irrelevant in any event to McGucken's claims against LPG. LPG's claim that McGucken must produce further documents concerning Hane Street's infringement is without merit. Such documents have nothing to do with LPG's infringement of McGucken's copyrights. As McGucken has repeatedly confirmed, he has produced all requested documents related to LPG's infringement.

To the extent that LPG opines about McGucken's objections to discovery requests, LPG has been aware of these objections for months and the parties have met and conferred over each other's objections multiple times. If LPG believed it needed to seek an order to compel discovery over any of these objections, it could have timely done so before the deadline for fact discovery, which has already been extended once at LPG's request. That LPG failed to do so is not grounds for any "open" discovery issue.

**Defendant:** While Plaintiff's counsel represented that he would file the letter with LPG's additions, he did not. This afternoon, Plaintiff quadrupled his arguments, consisting primarily of unverified posturing, to its section, causing the letter to balloon beyond the limit, and with insufficient time to cut, making this letter over-length.

**Plaintiff's Incomplete Search.** During his deposition on June 4, 2024 Plaintiff made several troubling admissions which suggest that he has not conducted a thorough and diligent search in response to LPG's discovery requests. Plaintiff testified that he utilizes Google Drive, several back-up hard drives, and two laptops to store documents and work materials; yet Plaintiff also testified that he searched *only one of the laptops* when responding to LPG's discovery requests ("Requests"). When LPG's counsel inquired about the location of documents responsive to LPG's Requests, Plaintiff testified that they were stored on "probably two or three" "hard drives," and that to be sure he "would have to check," suggesting that he had not previously conducted a thorough and diligent search.

When asked, Plaintiff testified that he did not search his records in this case because the Image at issue was also at issue in another one of Plaintiff's infringement cases. Apparently, Plaintiff feels he needs only search his records once for any and all infringement lawsuits he may wish to file. Plaintiff testified that he has two email addresses, and gave contradictory testimony regarding his search of those repositories during his deposition, at first testifying that he did not search either email address, and later testifying that he could not remember if he had searched one of them.

This testimony is particularly distressing, because LPG has made *repeated* attempts to ensure that Plaintiff's production in this case is comprehensive, to mitigate the need for last-minute discovery disputes. In fact, at the

16621834.2

parties' last discovery conference, LPG specifically raised concerns that Plaintiff would withhold or offer late productions of documents, prompting the Court to order that Plaintiff produce all responsive documents by May 9, 2023 and extending the discovery close to permit depositions accordingly. While Plaintiff did make a small production on May 9, it is clear now that he has not conducted a diligent search of his records.

Although Plaintiff now claims, through emails from his counsel, that he has since searched the above-referenced repositories—after his deposition took place—and that *no* responsive documents were found, LPG has no reason to take Plaintiff's word on this matter. Plaintiff has known of his obligation to search these repositories since this case began, and it is not in Plaintiff's interest to produce additional documents and subject himself to a second deposition on the basis of those documents. Because of this, LPG asks that the Court require McGucken to certify under oath as to 1) the locations in which he preserved documents, including all email addresses and other repositories(drives, laptops, etc.) at the time litigation against LPG was foreseeable; and 2) that he has reviewed all of LPG's discovery requests issued in this case, conducted a full search in all locations, and has produced all documents responsive to those requests.

**The Hane Street Account.** It is undisputed that LPG obtained the Image at issue via license from Shutterstock, and that the Image, along with a litany of other images allegedly authored by Plaintiff, was uploaded to Shutterstock by a third party entity called Hane Street. This is central to LPG's motion on its defense of unclean hands: simply put, Plaintiff saw the issue on a site that offers licenses, knew that someone might innocently license it, and did nothing. During Plaintiff's deposition, LPG's counsel introduced documentary evidence showing Plaintiff had knowledge of the Hane Street account at least as early as December 2020. When asked, Plaintiff could not recall when he had first identified the account, saying he would "have to check."

On June 6, LPG followed up with a letter to ascertain an answer to this question. More than a week later, on June 12, Plaintiff's counsel provided an ***unverified*** response by email, writing "As for the discovery of Hane Street, McGucken's best recollection is that the discovery took place in November of 2020." When the parties met and conferred on June 13, Plaintiffs' counsel did not seem certain, but suggested the "recollection" may be supported by documents. At LPG's insistence, Plaintiff agreed to produce documents to support his "best recollection" that the Hane Street account was discovered in November 2020, to the extent such documents exist, or otherwise ***verify this statement***, so that it can be introduced as evidence.[1]

This information is highly relevant to LPG's defenses in this case. Despite discovering several of his images on the Hane Street account, Plaintiff only informed Shutterstock (a licensing platform) about *one* of these images in December 2020, in order to avoid the triggering of Shutterstock's repeat-infringer policy that would have shut down the entire account. Plaintiff allowed for dozens of other individuals or entities to unwittingly license Plaintiff's claimed works through Shutterstock, planting the seed for this lawsuit and several others he recently filed. Had Plaintiff taken appropriate steps, LPG would not have even seen the Image on January 27, 2021 (the date the Image was licensed), and this entire lawsuit would have been prevented. Accordingly, Defendants are entitled to the production of *all documents* relating Plaintiff's discovery of the Hane Street account, and additional time to depose Plaintiff on those documents once they are produced. Plaintiff will specifically seek these documents in its motion to compel. If Plaintiff's position now is that he has no such documents, he should be required to provide a verified (admissible) statement as to his discovery and his search.

---

[1] Discovery closed on June 14, and Plaintiff did not produce any documents despite including various boilerplate objections, including as recently as the past week. When providing a draft of this Letter on June 19, Plaintiff's counsel reiterated his view that there were no documents that helped Plaintiff to "remember" his discovery date. Nonetheless, an email from Plaintiff's counsel attesting to this purported fact is insufficient.

16621834.2

**Book Revenue Supplement.** McGucken overstates LPG's testimony. LPG receives payment when retailers purchase physical copies of the book from LPG—not when consumers purchase them from the retailer. As Plaintiff knows, LPG now offers an updated Fifth Edition of the book, which does not include the Image at issue. Thus, the revenue figures as to physical copies has not changed. Similarly, it is unlikely any digital copies of the book have been sold, with the exception of the copy purchased by Plaintiff himself, which he testified to buying the day before he sat for his deposition. LPG did not agree to provide an update to its revenue declaration, produced to Plaintiff only last month, roughly at the time discovery was initially set to close, and which time was extended to give assurances to LPG relating to Plaintiff's discovery history. Plaintiff deserves no extra benefit as a result. Nor did Plaintiff formally request an update to this declaration. LPG learned of this request upon reading Plaintiff's portion of this Joint Letter. Particularly as such revenues are not relevant, given that Plaintiff has never been paid for book licenses based on a percentage of sales, it would not be proportionate for LPG to spend legal and business resources to update its declaration.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

By: */s/ David Michael Stuart Jenkins*
David Michael Stuart Jenkins, Esq.
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS

By: */s/ Eleanor M. Lackman*
Ian Logan, Esq.
Eleanor M. Lackman, Esq.
MITCHELL SILBERBERG & KNUPP LLP

16621834.2