

Attorneys admitted in
California, New York,
Texas, Pennsylvania, Colorado,
And Illinois

Sender's contact:
djenkins@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

August 9, 2024

**DELIVERED VIA ECF**
Honorable Sarah L. Cave
U.S. Magistrate Judge

                      **Case Title:**      *Elliot McGucken v. Lonely Planet Global, Inc., et al.*
                                                                                         1:23-cv-04293-ALC-SLC
                      **Re:**                  Letter On Completion of Fact Discovery

Your Honor:

       Plaintiff, Elliot McGucken, and Defendant, Lonely Planet Global, Inc. ("Lonely Planet"), respectfully submit the following joint letter certifying whether fact discovery is complete, in accordance with the Court's order of July 19, 2024. (Dkt. No. 63)

**Plaintiff's position on discovery status:**

       McGucken reports that he has provided Lonely Planet with a declaration containing the information required in the Court's order. Lonely Planet objected that Plaintiff's approximations did not list specific days, and McGucken provided an updated declaration with the most specific approximation he can make without speculating. As noted during the hearing, this information has little to no relevance here because there is no requirement that a copyright holder immediately or at any time within three years of discovery of the infringement file a lawsuit for the infringement. See *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 682–83, 134 S. Ct. 1962, 1976, 188 L. Ed. 2d 979 (2014)(if the rule were, as Lonely Planet urges "['] sue soon, or forever hold your peace,['] copyright owners would have to mount a federal case fast to stop seemingly innocuous infringements, lest those infringements eventually grow in magnitude. Section 507(b)'s three-year limitations period, however, coupled to the separate-accrual rule, avoids such litigation profusion. It allows a copyright owner to defer suit until she can estimate whether litigation is worth the candle.")(internal citation omitted).

       Lonely Planet also provided a declaration in response to the Court's order, but it is notably deficient. Lonely Plant failed to provide the total number of copies it sold of the book at issue and the total revenues it received from the book. Instead of updating the figures it provided in its previous declaration through July 10 as the Court ordered, Lonely Planet provided entirely new figures it now claims are the sales and revenues only after subtracting an undefined and unevidenced number of alleged returns of the book and revenues it claims were lost as a result of these returns. Lonely Planet's prior declaration did not deduct any such nebulous amounts from its totals based on returns, and Lonely Planet further fails to explain how many copies were allegedly returned, and what amount of revenues were allegedly lost as a result of said returns. Lonely Planet further added multiple additional paragraphs of argument and conjecture to its declaration which are entirely nonresponsive to the Court's order. Lonely Planet has thus failed to comply with the Court's order in good faith.

       As McGucken's counsel noted during the hearing, these numbers are important because under 17 U.S.C. 504(b), McGucken's burden on damages is "to present proof only of the infringer's gross revenue[.]" And one

way to prove willful infringement and the propriety of elevated statutory damages is to show that Lonely Planet "recklessly disregarded" McGucken's rights by continuing to exploit his work despite notice of the infringement. See *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) (to prove willfulness, "plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." (internal quotation marks omitted); *Getaped.Com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002) (finding willfulness in part because "defendants' infringing activities continued despite notice from Getaped."). Here, the details of the sales that took place after Lonely Planet was "actually aware" of its infringement is highly relevant.

McGucken informed Lonely Planet of these deficiencies in its declaration and requested an updated declaration stating the total copies sold and total revenues received, but Lonely Planet has not responded to this request. McGucken thus regrettably cannot certify to the Court that fact discovery has been completed until Lonely Planet provides a declaration compliant with the Court's order.

Additionally, another issue has arisen as McGucken has recently discovered that Lonely Planet is actively exploiting *another* of McGucken's original photographs in a separate publication that is still being offered for sale directly by Lonely Planet. This photograph was also at issue in the prior action between McGucken and Shutterstock, Inc., and this additional photograph is again credited to "Hane Street / Shutterstock" in Lonely Planet's book. Despite this, neither Shutterstock nor Lonely Planet have *ever* disclosed that this photograph was licensed to Lonely Planet or exploited in this book. McGucken will thus either need to extend discovery in this suit to address this additional infringing book, or will need to file a second related case against Lonely Planet.

**Defendant's position on discovery status:**

**First**, while Plaintiff has produced a declaration regarding the date of discovery of the alleged infringement, Plaintiff's initially stated only that he discovered the infringement "in January of 2021." Lonely Planet observed that "January of 2021" is a broad time frame, and not, in fact, a "date" as required by the Court. Lonely Planet further suggested that, if discovery did occur in January, perhaps it occurred on or before January 5, 2021, a date on which Plaintiff "discuss[ed] and review[ed]…Shutterstock / Hane Street infringements" with his counsel, according to Plaintiff's privilege log in this case. Plaintiff amended his declaration to state that the allegedly infringing use was discovered on January 19, 2021. To the extent Plaintiff's supplemental declaration is supported by any documents, Plaintiff has not produced them.

**Second**, pursuant to the Court's order on July 19, Lonely Planet has updated its declaration regarding sales of the Book, and revenue derived therefrom—revenue that Lonely Planet contends is not attributable to one image in any event. Plaintiff complains that Lonely Planet "failed to provide the total number of copies it sold of the book at issue and the total revenues it received from the book." Plaintiff is wrong. Lonely Planet's updated declaration not only re-states the sales and revenue figures originally reported in its May 22, 2024 declaration, but also clearly states, " 5. Upon publication of the 5th Edition of *USA's Best Trips*, some retailers returned unsold copies of the Book to Lonely Planet at Lonely Planet's expense. 6. Accounting for such returns, as of June 30, 2024, **Lonely Planet sold 30,260 copies of the Book**. 7. Accounting for such returns, as of June 30, 2024, **the revenues generated from sales of the Book amount to $206,054**." (emphasis added). Lonely Planet also included additional relevant context to explain how the revenues derived from the sale of e-books

are calculated, as Plaintiff seemed particularly concerned about such sales at the last hearing.[1]  Such disclosures are neither argument, nor conjecture.  To the extent Plaintiff does not find such context useful or informative, he is free to ignore it; to the extent Plaintiff does not understand when or how revenues are paid, the time to explore this issue would have been during discovery, within the boundaries that the Court set following Plaintiff's motion regarding the same.  Lonely Planet has complied with the Court's Order.  Plaintiff cannot, in good faith, argue to the contrary.

**Third**, there is no reason to extend discovery in this case.  Fact discovery formally closed in this case on August 2, 2024. ECF 63.  On August 7, 2024, Plaintiff suddenly disclosed his "recent" discovery of an alleged misuse of one of his works (the "New Image").[2]  The New Image is *not* the Image at issue in this case, nor is it published in the Book at issue in this case.  Plaintiff admittedly does not watermark his photography, including the New Image, which was purportedly uploaded to Shutterstock by Hane Street, a third party.  Even if Plaintiff owns the copyright to the New Image (which has not been confirmed), there was no way that a search of Plaintiff's name would have led Lonely Planet to discover the New Image on its system during the course of discovery.  Moreover, the New Image is not within the scope of the searches to which the parties agreed during discovery; even Plaintiff argued at the last hearing that nothing else pertaining to Shutterstock was relevant.  Plaintiff has not shown good cause why discovery should be reopened.  *See Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52-53 (S.D.N.Y. June 11, 2020) (denying motion to reopen discovery for failure to establish why court's deadlines could not be met). This is simply another attempt by Plaintiff to extend this case and reopen issues that he waived.

This case has been pending since December 9, 2022, and Plaintiff has been pursuing claims against Shutterstock based on the Hane Street account, per his declaration, discussed *supra*, since at least November 2020.  Plaintiff's conveniently timed "discovery" of a new alleged infringement of a different photograph used in a different book should not open the door to additional discovery.  It is time for discovery in this case to end.

We thank Your Honor for your attention to this matter.

                                        Respectfully submitted,

By:    /s/ *David Michael Stuart Jenkins*
           David Michael Stuart Jenkins, Esq.
           Scott Alan Burroughs, Esq.
           DONIGER / BURROUGHS

By:    */s/ Ian Logan*

---

[1] Plaintiff omits that at the hearing, the Court indicated the minimum that Lonely Planet should provide, and stated that Lonely Planet could provide more information if it so chose. Plaintiff also omits that counsel misrepresented at the hearing the history of settlement discussions, despite counsel acknowledging the same shortly after the hearing. Whether fueled by memory lapse or something worse, Plaintiff's repeated efforts to misrepresent the record should not be condoned.

[2] It is implausible that years after being aware of the images at issue in the Shutterstock action and conceding his diligence (which has included filing multiple lawsuits against other innocent licensees), Plaintiff is just now "discovering" the use of the New Image. If his statements are genuine and his claim is not time-barred due to actual or constructive notice, he can bring a new suit, which likely will be stayed pending the resolution of this action given that Lonely Planet's summary judgment motion will address many common issues relating to the use of images from Shutterstock. Notably, prior to the filing of summary judgment motions, Plaintiff agreed to stay another lawsuit against Shutterstock where the issues in that case were similar to those in a pending case against Shutterstock, and Plaintiff fails to explain why he has any issue in doing the same here, in lieu of starting discovery from scratch.

Ian Logan, Esq.
Eleanor M. Lackman, Esq.
MITCHELL SILBERBERG & KNUPP LLP